IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK LAWRENCE MARTHEY, | ) | CASE NO. 5:12 CV 2759 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

The plaintiff, Patrick Lawrence Marthey, seeks judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. The Commissioner has moved to dismiss Marthey's complaint as time-barred.[1]

Marthey filed a response to the motion.[2] The Commissioner filed a reply.[3]

Because the Commissioner submitted two declarations in support of the motion to dismiss, I entered an order under Federal Rule of Civil Procedure 12(d) giving notice that I would consider matters outside the pleadings and treat the Commissioner's motion to dismiss

---

[1] ECF # 16.

[2] ECF # 19.

[3] ECF # 20.

as one for summary judgment under Civil Rule 56.[4] That order permitted the parties to submit additional evidentiary materials by no later than June 5, 2013.[5] They submitted nothing additional in response to that order.

The Commissioner's motion and Marthey's opposition present a single dispositive issue:

> 42 U.S.C. §405(g) establishes a 60-day statute of limitations for seeking judicial review of the Commissioner's final decisions. By regulation that 60-day period begins to run when the claimant receives notice of the decision. That regulation presumes receipt five days after the date on the notice. The notice here bears a typed date of August 29, 2012. Marthey presents a notice with an additional handwritten date of September 4, 2012. Which date controls the limitation-period calculation?

Because I find that no genuine issue of material fact exists as to the date of the notice of decision issued by the Commissioner, and that such date is August 29, 2012, I conclude that the August 29, 2012, date controls the limitation-period calculation. Accordingly, I will recommend that the Court grant the Commissioner summary judgment and dismiss this case as time-barred.

## Relevant Facts

The parties agree on most of the relevant facts.

---

[4] ECF # 21. *See*, *Evans v. Ohio Laborers Fringe Benefit Programs*, No. 5:12CV1459, 2013 WL 526942, *1 (N.D. Ohio Feb. 11, 2013).

[5] *Id.*

The administrative law judge entered his decision denying Marthey's application for disability insurance benefits on June 29, 2011.[6] Marthey requested review of the administrative law judge's decision by the Appeals Council.[7]

The Appeals Council issued a notice of denial of request for review bearing the date of August 29, 2012.[8] The notice was addressed to Mr. Patrick Lawrence Marthey at 5036 Criswell Rd., Apt. B, Apple Creek, OH 44606, with a copy to his counsel, Jack Cervay, at 81 S. Fourth Street, Ste 300, Columbus, OH 43215.[9]

In opposition to the Commissioner's motion to dismiss, Marthey's counsel attached a copy of the notice of denial of request for review with a handwritten date "9/4/12."[10] That opposition contained the following statements: "Although the printed date was 8/29/12, immediately below is a hand written date of '9/4/12' which was on it when it was received. It was assumed the hand written date was when the Appeals Council issued its notice." Marthey did not submit an affidavit or declaration in support of the opposition, and the copy of the notice with the handwritten date was not verified.

---

[6] ECF # 16-2, at 5-19.

[7] ECF # 16-2, at 3 (Declaration of Patrick J. Herbst ("Herbst Dec.") at ¶ (3)(a)).

[8] ECF # 16-2, at 22-25 (Herbst Dec. Exhibit 2).

[9] ECF # 16-2, at 20-22.

[10] ECF # 18-1, at 1.

Both the Commissioner's motion and the reply in support have declarations from Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration.[11] Those declarations verify that the notice in question bears the typed date of August 29, 2012,[12] and further review of the case file on Marthey's application discloses no basis for concluding that "personnel associated with the Social Security Administration placed the '9/4/12' annotation on a copy of the Appeals Council's notice."[13]

## Analysis

**1.      Applicable law**

*A.      Statute of limitations*

42 U.S.C. § 405(g) establishes a 60-day statute of limitations for actions seeking judicial review of final decisions of the Commissioner of Social Security.[14] By regulation, that 60-day period begins to run when the claimant receives notice of the decision of the Appeals Council.[15] According to that same regulation, "the date of receipt of notice of the

---

[11] ECF # 16-2, at 1-4 (Declaration in support of the motion) and ECF # 20-1, at 1-4 (Declaration in support of reply).

[12] ECF # 16-2, at 3.

[13] ECF # 20-1, at 3.

[14] *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

[15] 20 C.F.R. § 422.210(c).

denial of request for review ... by the Appeals Council shall be presumed to be five days after

the date of such notice, unless there is a reasonable showing to the contrary."[16]

Case law requires that the claimant make the "reasonable showing" of receipt after

the five-day period by more than his mere assertion, even in a sworn affidavit.[17]

## B.    *Summary judgment*

The court should grant summary judgment if satisfied "that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of

law."[18] The moving party bears the burden of showing the absence of any such "genuine

issue":

> [A] party seeking summary judgment always bears the initial responsibility of
> informing the district court of the basis for its motion, and identifying those
> portions of 'the pleadings, depositions answers to interrogatories, and
> admissions on file, together with affidavits, if any,' which it believes
> demonstrates the absence of a genuine issue of material fact.[19]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[20]

Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[16] *Id.*

[17] *E.g.*, *Fleming v. Astrue*, No. 12-CV-11268, 2012 WL 6738473, at *3 (E.D. Mich. Oct. 29, 2012).

[18] Fed. R. Civ. P. 56(c).

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[20] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[21] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[22]

The court should grant summary judgment if a party who bears the burden of proof at trial establishes each essential element of his case.[23] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[24]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[25] The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury."[26] Moreover, if the nonmovant presents evidence "merely colorable" or not "significantly probative," the court may decide the legal issue and grant summary judgment.[27] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[28]

---

[21] *Id.* at 252.

[22] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[23] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[24] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[25] *Id.* at 256.

[26] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[27] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[28] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

The nonmoving party may not create a genuine issue of material fact by unverified statements of its counsel in a memorandum in opposition to summary judgment.[29]

**2.     Marthey's complaint is time-barred.**

The Commissioner argues that given a notice date of August 29, 2012, and the five additional days for mailing provided by the regulation, Marthey "was required to commence a civil action by November 2, 2012."[30] This would make September 3, 2012, the presumptive date of Marthey's receipt of the notice under the regulation. But Monday, September 3, 2012, was Labor Day, a federal holiday without mail delivery. Although it will not affect the outcome here, I will give Marthey the benefit of the reasonable inference that he could not have received the notice on September 3, and the presumptive receipt date was September 4, 2012.[31] The sixtieth day thereafter was November 3, 2012, a Saturday. By operation of Federal Rule of Civil Procedure 6(a)(1), the 60-day statute expired Monday, November 5, 2012. Marthey filed his complaint on Tuesday, November 6, 2012.

---

[29] *Lawyers Title Co., LLC v. Kingdom Title Solutions, Inc.*, No. 1:12-CV-2098, 2013 WL 1337740, at *6 (N.D. Ohio Mar. 29, 2013) (Gwin, J.); *Overlook Mut. Homes, Inc. v. Spencer*, 666 F. Supp. 2d 850, 852 n.3 (S.D. Ohio 2009); *Big Lots Stores, Inc. v. Luv N' Care*, No. 2:04-810, 2007 WL 1026448, at *8 (S.D. Ohio Mar. 29, 2007); *Plumbers Local 98 Defined Benefit Funds v. Controlled Water, Inc.*, No. 03-CV-72888, 2006 WL 2708544, at *2 (E.D. Mich. Sept. 19, 2006); *DeJager Constr. v. Schleininger*, No. 1:94-CV-239, 1996 WL 173168, at *8 (W.D. Mich. Mar. 13, 1996).

[30] ECF # 16-1, at 3.

[31] *Mazzie v. Bowen*, No. 88-540, 1988 WL 92202, at *1 (E.D. Pa. Sept. 1, 1988) (where the fifth day fell on a Sunday, the court presumed receipt as of Monday).

Marthey's terse opposition merely contests the date of the notice, arguing that the controlling notice date is September 4, 2012, not August 29, 2012. Using this date as a starting point, Monday, September 10, 2012, becomes the presumptive receipt date.[32] Marthey would have had until Friday, November 9, 2012, to timely file his complaint.

But Marthey's efforts to establish the September 4, 2012, notice date must fail. He argues for that date based on an unverified representation of his counsel in a brief and an unverified copy of the notice bearing a handwritten September 4 date. These cannot overcome the declarations of Patrick Herbst of the Social Security Administration verifying that a review of the official file on Marthey's application disclosed nothing in support of a September 4 notice date. Counsel's unverified representations of fact do not constitute evidence sufficient to create a genuine issue of material fact defeating summary judgment.[33]

In a case presenting facts substantially similar to those here, *Mazzie v. Bowen*,[34] the court rejected the claimant's attempt to establish a later notice date based on a handwritten notation on a copy of the notice and counsel's unverified statement.

> First, plaintiff has failed to make the necessary showing to rebut the presumption that he received the notice of the Secretary's denial of his application on November 23, 1987. Indeed, all that plaintiff offers to rebut the presumption of receipt is the assertion, unsupported by affidavits, that the handwritten notation of "25th" and "Nov. 25 ... Jan. 25" made by plaintiff's counsel on the Appeals notice, indicates receipt on November 25, 1987. However, given the lack of any supporting affidavits explaining how and when

---

[32] The fifth day would be Sunday, September 9, 2012.

[33] *Lawyers Title Co., LLC*, 2013 WL 1337740, at *6 and cases cited in n.29 *supra*.

[34] *Mazzie*, 1988 WL 92202.

-8-

plaintiff (to whom the notice was addressed) received and then transmitted the notice to his counsel (who apparently then made the notations on the notice), we are left to merely speculate as to the meaning and import, if any, of the handwritten notations. Indeed, in his opposition to the motion for summary judgment, plaintiff's counsel concedes that the only "evidence" that the notice was actually received on November 25, 1987, were several handwritten notations which were never explained or interpreted for the court. Such a showing is totally insufficient to rebut the presumption of notice.[35]

The short statement in Marthey's opposition states that the handwritten date "was on the notice when it was received," and "[i]t was assumed the hand written date was when the Appeals Council issued its notice."[36] By placing these statements in the passive voice, using the past participles "was received" and "was assumed," counsel has failed to disclose who received this notice and who assumed the date of the notice's issuance.[37] In the words of the *Mazzie* court, counsel "never explained or interpreted" the handwritten notation and "[s]uch a showing is totally insufficient to rebut the presumption of notice."[38]

There exists no genuine issue of material fact about Marthey's presumptive receipt of the notice of the Appeals Council's decision on September 4, 2012. The 60-day period to file the complaint expired on November 5, 2012. Marthey did not file his complaint until November 6, 2012. As the Sixth Circuit observed in *Cook v. Commissioner of Social*

---

[35] *Id.*, at *3.

[36] ECF # 18, at 1.

[37] Bryan A. Garner, *The Winning Brief* 188-89 (2d ed. 2003).

[38] *Mazzie*, 1988 WL 92202, at 3.

*Security*, an unexcused delay in filing a complaint even one day beyond the 60-day limitation period requires dismissal.[39]

Marthey has not argued that equitable tolling saves his complaint. This Court, therefore, need not address that argument.[40]

Nor did Marthey seek an extension of time to file his complaint from the Appeals Council under the procedure set out in 20 C.F.R. § 422.210(c) based on the circumstances related in his opposition or otherwise. The regulation vests the authority to grant such extensions in the Appeals Council, not this Court.[41]

## Conclusion

I recommend that the Court grant the Commissioner summary judgment and dismiss Marthey's complaint because no genuine issue exists as to these dispositive facts:

- The notice of the Appeals Council's denial of Marthey's request to review the decision of the administrative law judge bore the date August 29, 2012.

- Under the applicable regulation, Marthey presumptively received that notice on September 4, 2012.

---

[39] *Cook*, 480 F.3d at 436-37.

[40] *Urban v. Comm'r of Soc. Sec.*, No. 1:12CV1179, 2012 WL 5996378, at *3 (N.D. Ohio Nov. 30, 2012); *KNH v. Comm'r of Soc. Sec.*, No. 3:07CV1738, 2008 WL 4559711, at *2 (N.D. Ohio Oct. 7, 2008).

[41] *Smith v. Comm'r of Soc. Sec.*, No. 10-CV-12691, 2011 WL 1812609, at *4 (E.D. Mich. Mar. 17, 2011).

- Marthey had 60 days, to November 5, 2012, to timely file a complaint for review of the Commissioner's final decision.

- Marthey filed his complaint after the limitations period had run – on November 6, 2012.


Dated: September 12, 2013                           s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[42]

---

[42] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).